IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann,           ) | C/A No. 0:11-2232-RMG-PJG |
|                            ) | |
|    Plaintiff,       ) | |
|                            ) | |
| v.                         ) | |
|                            ) | |
| Lt. C. Failey; Maj. Sheronda Sutton; Warden ) | |
| Robert Stevenson, III; Ass. Warden Larry ) | |
| Cartledge; Ass. Warden John Barkley; Inv. ) | |
| David Hurt; Valerie Whitaker; Classification ) | **ORDER AND** |
| Mngr Macon; Donald Sampson, *MD*; Robyn ) | **REPORT AND RECOMMENDATION** |
| Elerby; E. Keitt; James Harris, III; Capt. Percy ) | |
| Jones; Capt. Wilson; Lt. Willie Simmons; Lt. ) | |
| T. Johnson; Sgt. Belue; Sgt. Young; Sgt. ) | |
| Herman Wright; Sgt. Keith Moore; Cpl. Otis ) | |
| Daniels; Cpl. Vincent Manley; Cpl. Smalls; ) | |
| Cpl. Ray; Ofc. Murray; Ofc. McNeal; Ofc. ) | |
| Cox; Christian Manganelli; and C. Cook, ) | |
|                            ) | |
|    Defendants.      ) | |
| _____ ) | |

  The plaintiff, Anthony L. Mann ("Mann"), a self-represented state prisoner, filed this action against twenty-nine employees of the South Carolina Department of Corrections ("SCDC") pursuant to 42 U.S.C. § 1983, based on claims arising from the conditions of his confinement. The case is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for an Order and Report and Recommendation on the defendants' motions to dismiss as to Defendants Sampson, Moore, Murray, and McNeal, (ECF Nos. 23, 24), as well as motions filed by Mann to obtain contact information with regard to those defendants and for a hearing (ECF Nos. 29, 32, 55.)

*PJG*

A.     **Procedural History**

Mann filed his Complaint in this action on August 15, 2011. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). On October 5, 2011, summons were issued as to all defendants and service of process was authorized. (ECF Nos. 8 & 10.)

On November 16, 2011, through SCDC counsel,[1] after obtaining an extension of time to answer, Defendants Sampson, Moore, Murray, and McNeal moved to dismiss pursuant to Rule 12(b)(4) and (5). (Sampson Mot. to Dismiss, ECF No. 23; McNeal, Moore, Murray Mot. to Dismiss, ECF No. 24.) In the two motions, counsel for these defendants argued that service upon these defendants was improper because Mann directed the summonses to the address of the Broad River Correctional Institution of the South Carolina Department of Corrections, and the defendants are no longer employed there.

On December 21 and 27, 2011, Mann filed responses to the motions, and also moved for an order requiring SCDC to produce contact information for Sampson, Moore, Murray and McNeal. (Pl.'s Mot. & Resp. Opp'n Mot. Dismiss, ECF No. 29; Pl.'s Mot. & Resp. Opp'n Mot. Dismiss, ECF No. 32.) In his response to the defendants' motions, Mann argues he has not been able to determine the correct addresses for the defendants because he is confined to the Special Management Unit at Perry Correctional Institution without internet or telephone access, and SCDC has limited his access to the mail.

---

[1] The motion was filed on behalf of Defendants Sampson, Moore, Murray and McNeal by defense counsel retained by the South Carolina Insurance Reserve Fund, who has agreed to represent all SCDC employees at the time of the events alleged in the Complaint. In the motions, defense counsel states that it appears the defendants were SCDC employees at the relevant times for purposes of this action.



On the same date Mann filed his first Response, December 21, Defendant Sampson filed an Answer. (ECF No. 31.) On January 12, 2012, SCDC counsel responded to Mann's motion stating that counsel was still attempting to locate Moore and Murray, but that she was filing an Acceptance of Service for McNeal, as well as McNeal's Answer. (ECF No. 38.) Counsel agreed to provide the names and addresses to the United States Marshals Service for Moore and Murray. Counsel objected, however, to providing the information directly to Mann, arguing that it posed a security threat to those defendants and their families based on Mann's violent criminal record and disciplinary history at the SCDC.

Defendant Moore filed an Answer to the Complaint on February 14, 2012. (ECF No. 53.) In the Answers filed by Sampson, Moore and McNeal, the defendants state that they are "not waiving but specifically reserving their right to be heard under all Rule 12 Motions."

**B.     Pending Motions**

    **1.     Motions Regarding Service**

Pursuant to Federal Rule of Civil Procedure 4(m), service of process generally must be effected on a defendant within 120 days of filing the Complaint. A defendant may challenge the sufficiency of service of process and seek dismissal of the case under Rule 12(b)(5). Further, failure to properly serve the summons and complaint deprives the court of personal jurisdiction over that defendant. Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); see also Fed. R. Civ. P. 12(b)(2) (providing that a defendant may seek dismissal of the case for lack of personal jurisdiction).

Rule 12(b)(5) allows a defendant the option of interposing an objection to defective service either in a motion to dismiss or as a defense in the answer. Rule 12(b) further provides that no defense or objection is waived because it is joined with one or more other defenses or objections in



a responsive pleading or motion. A party does not waive a Rule 12(b)(5) defense as long as the defense is asserted by way of the answer or a pre-answer motion, nor does a party "waive his right to service of process whenever an attorney appears on his behalf." Leach v. BB&T Corp., 232 F.R.D. 545, 551 (N.D.W.Va. 2005) (citing Kiro v. Moore, 229 F.R.D. 228, 231 (D.N.M. 2005)).

If a defendant is not served within the requisite time period, the court may order that service be made within a specified time rather than dismiss the case. See Fed. R. Civ. P. 4(m). Moreover, if the plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. Id.

In this case, the circumstances differ for each of the defendants. Here, counsel for SCDC represents that, with permission of Defendant McNeal, she had authority to accept service and has filed an Acceptance of Service on his behalf, as well as his Answer. (Acceptance of Serv., ECF No. 40; McNeal Answer, ECF No. 41.) However, the Acceptance of Service was filed on January 12, 2012, over 120 days after the filing of the Complaint, and McNeal does not appear to have waived this defect in timely service.

With regard to Defendant Moore, the docket reflects that he was served with the Summons and Complaint via certified mail, restricted delivery. (Moore Summons, ECF No. 54; Cert. Mailing Receipt, ECF No. 54-1 at 1.) Moore asserts in his Answer that Mann has failed to properly serve him pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. (ECF No. 53.) Rule 4(e) states, in pertinent part, that

> "[A]n individual . . . may be served in a judicial district of the United States by:
> . . .
> (2) doing any of the following:



> (A) delivering a copy of the summons and of the complaint to the individual personally[.]

Fed. R. Civ. P. 4(e). The certified mailing receipt shows that service of the summons and complaint was received by "Keith Moore" and bears the defendant's signature, but the receipt is dated January 27, 2012. (ECF No. 54-1 at 1.)

A summons for Defendant Sampson was issued on October 5, 2011. (ECF No. 44 at 2.) The "Remarks" section indicates that Defendant Sampson was also served by certified mail and that "per Pacer def represented by counsel." (Id.) Sampson's summons is not accompanied by a return receipt. To the extent that counsel for SCDC represents in its motion that it cannot accept service on behalf of Sampson (ECF No. 23 at 2), service on Sampson has not been properly effected. Service of process on an attorney not specifically authorized by its client to accept service is ineffective. United States v. 51 Pieces of Real Prop. Roswell, N.M., 17 F.3d 1306 (10th Cir. 1994); Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092 (2d Cir. 1990); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1097 (3d ed. 2002). Additionally, although Defendant Sampson filed an Answer, he specifically states that he is not waiving his right to challenge service via his Rule 12 motion. (ECF No. 31.)

The summons issued for Defendant Murray was returned unexecuted (ECF No. 13 at 1), and Murray has not filed an answer. Accordingly, there is nothing in the record to show that Defendant Murray has been served.

Based on the foregoing, it appears that Defendants McNeal, Moore, Sampson, and Murray have not been served in accordance with Rule 4. However, it appears that pursuant to Rule 4(m), Mann has presented good cause to justify extending his time in which to effect proper service on

PJG

these defendants. The court observes that Mann is self-represented and proceeding *in forma pauperis*; consequently the United States Marshals Service is effecting service. See Fed. R. Civ. P. 4(c)(3); see also 4B Wright & Miller, supra, § 1137 at 342-49 (stating that good cause may be, but is not automatically, found when the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, the defendant has evaded service of the process or engaged in misleading conduct, or the plaintiff is proceeding *pro se* or *in forma pauperis*). Moreover, Mann states that he is in special confinement and has had restricted access to information. He has acted diligently in timely responding to defendants' motions, as well as moving for the necessary information to make service.

Based on the foregoing, Mann's time in which to effect proper service is hereby extended sixty (60) days from the filing of this Order. The court directs defense counsel to, within fourteen (14) days, either file an Acceptance of Service for these defendants or, alternatively, to provide the addresses for these defendants to the extent counsel has this information. In light of security issues, any residential address information for the defendants should be redacted from documents filed with the court pursuant to Rule 5.2(d) with an unredacted copy filed under seal with access provided to the U.S. Marshals Service. If the defendants are not served in accordance with the rules within that period, the court recommends they be dismissed without prejudice.

**2.     Motion for Hearing**

Mann has also filed a motion requesting a hearing with regard to the defendants' prior motion for a protective order or, in the alternative, for an enlargement of time to respond to Mann's discovery requests. (ECF No. 55.) It appears that Mann objects to the defendants' request for a protective order, but does not oppose an enlargement of time. As stated in the court's docket text

order issued February 13, 2012, the defendants' time in which to respond to Mann's discovery requests was extended. (ECF No. 50.) Therefore, Mann's motion is terminated as moot. (ECF No. 55.)

## ORDER AND RECOMMENDATION

Accordingly, it is hereby

**ORDERED** that Mann's motion for a hearing be terminated as moot. (ECF No. 55.) It is further

**ORDERED** that Mann's motions for contact information (ECF Nos. 29 & 32) be granted to the extent that SCDC is directed, within fourteen (14) days, to file an Acceptance of Service for these defendants or alternatively, provide the United States Marshals Service known addresses, but that such information should be redacted from court filings for security reasons. It is further

**RECOMMENDED** that the defendants' motions to dismiss be denied at this time to allow proper service to be attempted. (ECF Nos. 23, 24.) It is further

**RECOMMENDED** that if the defendants are not served in accordance with the rules within the extension period, they be dismissed without prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 27, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).