IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Lt. C. Failey; Maj. Sheronda Sutton; Warden )<br>Robert Stevenson, III; Ass. Warden Larry )<br>Cartledge; Ass. Warden John Barkley; Inv. )<br>David Hurt; Valerie Whitaker; Classification )<br>Mngr Macon; Donald Sampson, *MD*; Robyn )<br>Elerby; E. Keitt; James Harris, III; Capt. Percy )<br>Jones; Capt. Wilson; Lt. Willie Simmons; Lt. )<br>T. Johnson; Sgt. Belue; Sgt. Young; Sgt. )<br>Herman Wright; Sgt. Keith Moore; Cpl. Otis )<br>Daniels; Cpl. Vincent Manley; Cpl. Smalls; )<br>Cpl. Ray; Ofc. Murray; Ofc. McNeal; Ofc. )<br>Cox; Christian Manganelli; and C. Cook, )<br>)<br>Defendants. )<br>_____ ) | C/A No. 0:11-2232-RMG-PJG<br><br><br><br><br><br><br>**SUPPLEMENTAL ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

The plaintiff, Anthony L. Mann ("Mann"), a self-represented state prisoner, filed this action against twenty-nine employees of the South Carolina Department of Corrections ("SCDC") pursuant to 42 U.S.C. § 1983, based on claims arising from the conditions of his confinement. By Order and Report and Recommendation dated March 27, 2012, this court previously directed defense counsel to, within fourteen (14) days, either file an Acceptance of Service for several defendants, including Defendants Murray and Sampson, or, alternatively, to provide the addresses for these defendants to the extent counsel had this information. The court further extended Mann's time in which to effect proper service on these defendants by sixty (60) days from the filing of that Order.

Since that time, defense counsel has provided the last known contact information for Defendants Murray and Sampson. However, as previously noted, Mann is self-represented and proceeding *in forma pauperis*. Consequently, the United States Marshals Service is responsible for effecting service. See Fed. R. Civ. P. 4(c)(3). It appears that the United States Marshals Service may not have received the new address information for Defendants Murray and Sampson and therefore it has not attempted to re-serve these defendants. See 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 at 342-49 (3d ed. 2002) (stating that good cause may be, but is not automatically, found when the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, the defendant has evaded service of the process or engaged in misleading conduct, or the plaintiff is proceeding *pro se* or *in forma pauperis*).

Accordingly, for good cause shown, Mann's time in which to effect proper service on Defendants Murray and Sampson is hereby extended an additional thirty (30) days from the filing of this Order. For the reasons previously stated in the court's March 27, 2012 Order and Report and Recommendation, if Defendants Murray and Sampson are not served in accordance with the rules within that period, the court recommends they be dismissed without prejudice. See Fed. R. Civ. P. 4(m).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 29, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).