IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann, ) | C/A No. 0:11-2232-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Lt. C. Failey; Maj. Sheronda Sutton; Warden ) | |
| Robert Stevenson, III; Ass. Warden Larry ) | |
| Cartledge; Ass. Warden John Barkley; Inv. ) | |
| David Hurt; Valerie Whitaker; Classification ) | REPORT AND RECOMMENDATION |
| Mngr Macon; Donald Sampson, *MD*; Robyn ) | |
| Elerby; E. Keitt; James Harris, III; Capt. Percy ) | |
| Jones; Capt. Wilson; Lt. Willie Simmons; Lt. T. ) | |
| Johnson; Sgt. Belue; Sgt. Young; Sgt. Herman ) | |
| Wright; Sgt. Keith Moore; Cpl. Otis Daniels; ) | |
| Cpl. Vincent Manley; Cpl. Smalls; Cpl. Ray; ) | |
| Ofc. McNeal; Ofc. Cox; Christian Manganelli; ) | |
| and C. Cook, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Anthony L. Mann ("Mann"), a self-represented state prisoner, filed this action against employees of the South Carolina Department of Corrections ("SCDC") pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Mann's motion for an "Order of Separation," (ECF No. 103), which essentially seeks an order directing his transfer to a different prison facility. Having carefully reviewed the motion and the pleadings in this case, the court finds that the plaintiff's motion should be denied.

## DISCUSSION

As stated above, Mann filed the instant action against SCDC employees whom he states were assigned to the Broad River Correctional Institution ("BRCI"), where he was housed during the time periods at issue in his Complaint. Mann states that he was subsequently transferred to the Perry Correctional Institution ("PCI"), and has had "minimal problems" since his arrival. (ECF No. 103 at 2.) He further states, however, that Defendant Cartledge was recently promoted from Associate Warden at BRCI to Warden at PCI. Mann claims that he will suffer future mistreatment from Defendant Cartledge and requests that the court transfer him to a different SCDC facility. Because the relief Mann appears to seek is injunctive in nature, the court will treat this motion as seeking a preliminary injunction.

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration). Furthermore, there is no constitutional right for a prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. See Meachum v. Fano, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within

the state prison system"); McKune v. Lile, 536 U.S. 24, 39 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F. 3d 342, 346-47 (4th Cir. 2009) (vacated on other grounds by 130 S. Ct. 2371 (2010) and reissued in part by 607 F.3d 355 (4th Cir. 2010)), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a *clear showing* that he is likely to succeed on the merits of his claim. Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46. Similarly, he must make a *clear showing* that he is likely to be irreparably harmed absent injunctive relief. Winter, 555 U.S. at 20-23; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. See Real Truth, 575 F.3d at 346-47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

---

[1] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

[2] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 21-23.

Based on the record currently before the court, Mann has not satisfied the required elements and has failed to demonstrate that these circumstances warrant the extraordinary remedy he seeks. Winter, 555 U.S. at 22 (stating that a mere possibility of harm is not sufficient to warrant injunctive relief).

**RECOMMENDATION**

Accordingly, the court recommends that the plaintiff's motion (ECF No. 103) be denied.

September 4, 2012  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).