IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Mann, | ) |
|                 Plaintiff, | ) C/A No. 0:11-2232-RMG |
| v. | ) **ORDER** |
| Lt. C. Failey, et al., | ) |
|                 Defendants. | ) |

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge recommending that the Court grant in part and deny in part Defendants' motion for summary judgment. (Dkt. Nos. 113, 180). For the reasons set forth below, the Court accepts and adopts the Report and Recommendation of the Magistrate Judge on all points except for her recommendation regarding Plaintiff's claim arising from placement in a restraint chair following his forced removal from his jail cell on August 23, 2010. (Dkt. No. 180 at 20-21, pt. B.3.vi.). Accordingly, the Court grants Defendants' motion for summary judgment.

**Background**

Plaintiff, a pro se prisoner, filed this civil action pursuant 42 U.S.C. § 1983 alleging violations of his constitutional rights by staff at the Broad River Correctional Institution ("BRCI"). (Dkt. No. 1). On June 30, 2012, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 113). Plaintiff then filed a response in opposition to the motion. (Dkt. No. 171). On February 1, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the motion be granted in part and denied in part. (Dkt. No. 180). Plaintiff and Defendants subsequently filed objections to the R&R. (Dkt. Nos. 183, 184).

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Law/Analysis

This case arises out of a series of incidents in which Plaintiff's conduct or refusal to follow the lawful directives of prison staff resulted in the exercise of force or the use of chemical munitions to obtain compliance and maintain order. The frequency and character of these incidents suggest an intention by Plaintiff to provoke the exercise of force or the use of chemical munitions by prison officials so as to create a basis for this very lawsuit. Therefore, this case presents the real issue of whether the federal courts may be used as a pawn in the effort of a violent and highly disruptive prisoner to undermine order and discipline in a state prison through the assertion of an artfully pleaded Eighth Amendment claim. The Court finds that the facts presented, taken in a light most favorable to Plaintiff as the non-moving party, do not support a reliable inference of wantonness in the infliction of pain by Defendants necessary to state an Eighth Amendment claim.

It is well settled that that the "unnecessary and wanton infliction of pain" imposed "maliciously and sadistically" by prison officials "for the very purpose of causing harm" states a claim under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319-21 (1986). However,

it is also recognized that a prison's internal security is "peculiarly a matter normally left to the discretion of prison administrators" and they should be given "wide-ranging deference" regarding the actions necessary "to preserve internal order and discipline and to maintain institutional security." *Id.* at 321-22. In evaluating the exercise of force by prison officials, the courts should consider the totality of circumstances, including such factors as the need for the application of force; the relationship between the need for force and the amount of force used; the extent of injury inflicted; the extent of threat to staff, inmates, or visitors; and any efforts to temper the use of force. *Id.* at 321. In the final analysis, an Eighth Amendment prisoner case involving the alleged excessive use of force by prison officials should not go to the jury "[u]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain." *Id.* at 322.

Few prisoner excessive force cases meet this rigorous standard. An example of a prisoner claim in which the defendants were properly denied summary judgment is *Williams v. Benjamin*, 77 F.3d 756 (4th Cir. 1996). That case involved a South Carolina Department of Corrections prisoner who was sprayed with chemical munitions, placed in four point restraints for eight hours, and was refused repeated requests to be allowed to wash out his burning eyes and skin from the chemical munitions used to subdue him. The prisoner was also denied medical attention or access to toilet facilities for the eight hours he was continuously restrained. Recognizing that under proper circumstances prison officials may use chemical munitions and four point restraints to maintain order, the *Williams* court was understandably concerned with the prolonged nature of the prisoner's restraint and prison officials' unwillingness during this period of restraint to allow the prisoner access to facilities to wash his face and skin, to use the restroom facilities, or to have access to medical attention. *Id.* at 764. The Court concluded that it found it

"difficult to conceive of a legitimate purpose for refusing to allow Williams to wash and denying him medical attention, particularly when his confinement in restraints lasted for such an extended period of time." *Id.* at 765.

The bulk of Plaintiff's allegations involve claims that Defendants violated the Eighth Amendment through use of excessive force during several incidents at BRCI. The Magistrate Judge, after skillfully organizing the facts in this voluminous record, recommended granting summary judgment in favor of Defendants for all but one of these incidents. Both parties object to the R&R. The Court only differs with the Magistrate Judge regarding the denial of summary judgment to Defendants concerning the use of the four point restraint chair on August 23, 2010 following an extraordinary confrontation between Plaintiff and prison staff in which the prisoner threw bottles of feces at staff members as they attempted to obtain compliance with a lawful order to vacate his cell.

Plaintiff objects that the Magistrate Judge improperly found no genuine issue of fact regarding the events of June 9, 2010. On that date, Plaintiff alleges that Defendant Failey and Sergeant Williams dispersed approximately 200 grams of chemical munitions into his cell. (Dkt. No. 184 at 2). Plaintiff does not appear to object regarding the use of the spray, but rather that he was not allowed a shower to decontaminate his body for five days following the incident. (Dkt. No. 184 at 2-3). However, the record shows medical staff saw Plaintiff immediately after the incident and he had no complaints of injury. He was seen continuously over the following days and made no complaints of pain. (Dkt. No. 118-1 at 1-3). Further, there is nothing in the record to suggest that Plaintiff lacked running water with which he could have decontaminated himself. (Dkt. No. 114-3). The Court therefore agrees with the Magistrate Judge that there is no genuine issue of fact that the Defendants violated the Eighth Amendment regarding this incident.

4

Plaintiff next objects to the Magistrate Judge's recommendation regarding the incident of June 14, 2010. The incident in question arose when Plaintiff was returning from the medical area and complained of being lightheaded. According to Plaintiff, he "became lightheaded and dizzy and had to kneel down to keep from losing consciousness." (Dkt. No. 1 at 4). Prison staff then took Plaintiff back to the medical area. Plaintiff alleges Defendant Failey dragged him by his chains back to the medical office. Defendants assert that they simply returned Plaintiff to the medical area. The Magistrate Judge observed that a reasonable interpretation of events described by all parties suggest that what Plaintiff describes as "force" simply could be attributed to the transporting of "a semi-conscious inmate back to the medical area." (Dkt. No. 180 at 14). Plaintiff generally argues regarding his objection here that common sense indicates that there is a genuine issue of fact regarding whether such treatment violated the Eighth Amendment. The Court finds this general disagreement with the Magistrate Judge, absent any citation to authority, unpersuasive. Further, Plaintiff does not attempt to rebut the evidence noted by the Magistrate Judge that immediately following the incident he jumped up and cursed Defendant Failey, he had no apparent injury, and that he walked back to his cell with a steady gait. (Dkt. No. 180 at 14). The Court finds the Magistrate Judge properly applied the *Whitley* factors and correctly concluded that Defendants are entitled to summary judgment regarding this incident.

Plaintiff next objects to the Magistrate Judge's recommendation regarding the incident of July 28, 2010. Plaintiff argues that he could not reasonably have been considered a threat during this incident because he was in restraints and not resisting while Defendant Failey attacked him. However, as noted by the Magistrate Judge, Plaintiff admits that immediately prior to Defendant Failey's use of force he "used his foot to shove [Failey] away from him" while descending a flight of stairs and that he "turned and kicked Lt. Failey in the right hand side of her neck with

my right foot. She flipped backwards into the handrail and rolled down the handrail." (Dkt. No. 180 at 15). The Court agrees with the Magistrate Judge that no reasonable jury could find, based on this evidence, that it was unreasonable for Defendant Failey to believe Plaintiff to be a threat or that her use of force was not a good faith effort to defend herself or prevent another attack. The Court therefore agrees with the Magistrate Judge that Defendants are entitled to summary judgment regarding this incident.

Plaintiff next objects to the Magistrate Judge's recommendation regarding the incident of August 23, 2010. On this day, Plaintiff was advised that he was being moved to another cell and he refused to vacate the cell. Plaintiff was then sprayed with chemical munitions, which appeared to have little effect, and he still refused to comply with the order. Multiple officers were then brought to his cell to physically remove him and he began throwing feces at them.[1] A team of prison staff then physically removed Plaintiff from his cell. Plaintiff claims he did not resist and that he was assaulted by the prison staff. Prison staff describe a violent and resisting prisoner who required the reasonable exercise of force to obtain compliance with the order to leave the cell. The undisputed portions of the record establish an extremely dangerous set of circumstances that potentially threatened the safety and health of the officers involved.

Under these difficult circumstances, the Court should give "wide-ranging deference" to the judgment of prison officials regarding the steps necessary to "preserve order and discipline and to maintain institutional security." *Whitley*, 475 U.S. at 321-22. Discerning the exact moment this violent and uncontrollable inmate might no longer be resisting is not an easy task, and the officers need to have some leeway in the exercise of force under the circumstances so that they have sufficient control of the inmate to avoid any unnecessary injury. A court should

---

[1] The record indicates that Plaintiff assaulted the officers with approximately thirteen to eighteen bottles of feces, some or all which were obtained from a neighboring inmate "through a portal in their cell toilets." (Dkt. Nos. 115-4 at 2, 171 at 17).

not retrospectively attempt, in the calmness of a federal courthouse years after a volatile incident initiated by a disobedient and violent prisoner, to second guess the exact moment the prisoner was under control and no further use of force was necessary. The Court concurs with the recommendation of the Magistrate Judge that no Eighth Amendment violation is presented under these circumstances.

This Court does, however, disagree with the Magistrate Judge regarding her recommendation that the Defendants be denied summary judgment regarding the placement of Plaintiff in a restraint chair following his extraction from his cell on August 23, 2010. Following the August 23, 2010 incident described above, Plaintiff alleges that Defendants placed him in a restraint chair for six hours and did not allow him to wash off the chemical munitions sprayed into his cell prior to the fracas. The Magistrate Judge found the facts alleged by Plaintiff were sufficiently similar to those in *Williams* and therefore recommended denying summary judgment. (Dkt. No. 180 at 20-21).

The Court finds the present case is distinguishable from *Williams* in significant ways. In *Williams*, guards used CS tear gas, the type used by the military, to subdue the plaintiff. The tear gas subdued the plaintiff immediately. *Williams*, 77 F.3d at 759. Guards then placed the plaintiff in four point restraints for the next eight hours in the same cell where the gas was used. During this period, despite the plaintiff's pleas for a shower, he was not allowed to wash, use the toilet, or see medical personnel. *Id.* at 760. By contrast, in the present case, the officers used OC pepper spray which is milder than the tear gas used in *Williams*. *See Jackson v. Morgan*, 19 Fed. App'x 97, 102 (4th Cir. 2001). Further, use of the pepper spray did not immediately subdue Plaintiff as it did in *Williams*, rather it appeared to have little effect because Plaintiff continued to resist the officers' attempts to restrain him by throwing bottles of feces. Further, unlike in

7

*Williams*, the evidence shows Plaintiff had access to soap and water after being sprayed with pepper spray and before he was eventually restrained because he flooded his cell and poured soap on the floor during this interval. (Dkt. No. 127-2).

Once the officers finally restrained Plaintiff, he was placed in the restraint chair. Unlike in *Williams*, Plaintiff was not restrained in the room where the pepper spray was used. Moreover, unlike in *Williams*, medical staff examined Plaintiff prior to and after being placed in the restraint chair. There is no indication in the medical records that Plaintiff expressed he was in pain from the pepper spray or required a shower. (Dkt. No. 117-1 at 14). Considering the totality of the circumstances, viewed in a light most favorable to Plaintff, the Court finds Plaintiff's case is distinguishable from *Williams* and that there is no "reliable inference of wantonness in the infliction of pain." *Whitley*, 475 U.S. at 322. Therefore, the Court grants Defendants' motion for summary judgment regarding this issue.

Plaintiff's final objections relate to his conditions of confinement allegations. The Magistrate Judge recommended that summary judgment be granted in favor of Defendants because Plaintiff failed to allege or demonstrate that he suffered serious or significant physical or mental injury, or that there was a significant risk of such harm as a result of the alleged conditions. In his objections, Plaintiff reiterates the alleged conditions to which he was subjected, but provides no citation to authority or the record indicating how he was seriously injured by them. The Court therefore agrees with the Magistrate Judge that Defendants are entitled to summary judgment regarding Plaintiff's conditions of confinement claims. *See Willis v. Clark*, 3:12-3452, 2012 WL 5397115, at *6-7 (S.D. W. Va. Oct. 9, 2012) (collecting similar cases).

The Magistrate Judge also recommended granting Defendants' motion for summary judgment regarding Plaintiff's claims 1) for failure to process grievances; 2) against Defendants in their official capacities for monetary relief; 3) for deliberate indifference to his medical needs; 4) for not allowing him to attend hearings regarding his custody status; 5) for access to the courts; 6) under the First Amendment; and 7) for conspiracy. (Dkt. No. 180 at 7-8, 22-30). Plaintiff makes no objections to these recommendations. The Court finds the Magistrate Judge correctly applied the law and therefore adopts these recommendations.

## Conclusion

As set forth above, the Court agrees with and adopts the R&R (Dkt. No. 180) as the order of the Court except for the Magistrate Judge's recommendation regarding Plaintiff's claim arising from placement in a restraint chair following his forced removal from his jail cell on August 23, 2010. (Dkt. No. 180 at 20-21, pt. B.3.vi.). Accordingly, the Court grants Defendants' motion for summary judgment. (Dkt. No. 113).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 5, 2013
Charleston, South Carolina