UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DISTRICT

| | |
|---|---|
| Anthony L. Mann,<br><br>      Plaintiff,<br><br>vs.<br><br>Lt. C. Failey; Maj. Sheronda Sutton; Warden Robert Stevenson, III; Ass. Warden Larry Cartledge; Ass. Warden John Barkley; Inv. David Hurt; Valerie Whitaker; Classification Mngr Macon; Donald Sampson, M.D.; Robyn Elergy; E. Keitt; James Harris, III; Capt. Percy Jones; Capt. Wilson; Lt. Willie Simmons; Lt. T. Johnson; Sgt. Belue; Sgt. Young; Sgt. Herman Wright; Sgt. Keith Moore; Cpl. Otis Daniels; Cpl. Vincent Manley; Cpl. Smalls; Cpl. Ray; Ofc. Murray; Ofc. McNeal; Ofc. Cox; Christian Manganelli; C. Cook,<br><br>      Defendant. | C/A No. 0:11-cv-2232-RMG<br><br>**MEMORANDUM OF LAW**<br>**IN OPPOSITION TO**<br>**DEFENDANTS' MOTION**<br>**FOR SUMMARY JUDGMENT** |

     Plaintiff, by and through his undersigned counsel, respectfully submit to this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the following memorandum in opposition to Defendants' Motion for Summary Judgment. There is genuine dispute as to material fact in this case, and Defendants are not entitled to a judgment as a matter of law.

## I.   INTRODUCTION

1

Plaintiff Anthony Mann, #242498, is an inmate within the South Carolina Department of Corrections ("SCDC"), who is serving two life sentences for murder, as well as sentences for convictions for burglary and armed robbery. He filed a suit pursuant to 42 U.S.C. § 1983. Defendants moved for summary judgment, arguing that Mann failed to show a genuine dispute as to material facts in the case. Mr. Mann submits this memorandum in opposition to Defendants' motion for summary judgment.

## II.     STATEMENT OF FACTS

Anthony Mann filed this action, *pro se*, against twenty-nine (29) current and former SCDC employees for violations of constitutional rights by excessive use of force. He is currently housed at Lee Correctional Institution; however, at the time of the incidents, he was incarcerated at Broad River Correctional Institution. A grant of Summary Judgment was originally issued, which was affirmed in part and vacated in part by the Fourth Circuit Court of Appeals. The four claims left to address occurred on June 9, 2010; July 14, 2010; July 28, 2010; and August 23, 2010.

## III.     STATEMENT OF MATERIAL FACTS IN DISPUTE

Defendants claim there are no genuine disputes as to material facts. The facts in dispute are clearly what occurred on June 9, 2010; June 14, 2010; July 28, 2010; and August 23, 2010. Conflicting testimony has been presented in the form of depositions and affidavits that shows a disconnect in what actually occurred.

Exactly what occurred is material to determining if there was a use of excessive force.

## IV.    ARGUMENT

### I.    DEFENDANTS' CLAIM THAT PLAINTIFF HAS FAILED TO STATE A CLAIM IS IN ERROR

Defendants' move the Court to dismiss based upon failure to state a claim, relying on Rule 12(b)(6), FRCP.  They postulate that Plaintiff Mann has failed to state a claim for which relief can be given.  This is wholly false.  Plaintiff has provided sufficient evidence to show that a genuine dispute as to material fact.  Some of the officers used physical force; some failed to follow SCDC policies and curtail the actions of others, allowing Plaintiff to be beaten and suffer a deprivation of rights.  Plaintiff has testified that both Warden Stevenson and Captain Jones failed to allow him to decontaminate from chemical munitions, and they further failed to control the behavior of their guards.  Ex. 1, p. 143, lines 23-25; p. 184, lines 8-14.  Plaintiff also testified that Defendant Otis Daniels failed to help control his colleagues and restrain them in their violation of policies.  Ex. 1, p. 161, lines 24-25; p. 162, lines 1-12.  This is not a case of failure to supervise.  It is a case of the failure to provide the proper protection to Plaintiff, and thereby assist in the deprivation of his rights.

### II.    PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES

Defendants' claim that Plaintiff's suit should be barred because he has not exhausted his administrative remedies, and the Prison Litigation Reform Act

requires an exhaustion of the remedies for a 1983 action to be filed. 42 U.S.C. § 1997e(a). There is a procedure in place for inmates to file grievances on issues and conditions affecting them, and Mr. Mann has filed multiple grievances since being incarcerated. Many of these have been dismissed because they "lacked merit." Furthermore, Defendants point to the June 12, 2010 episode of excessive force, claiming that no grievance has been filed pertaining to this conflict. ECF 121-1.

Defendants freely admit that almost all of Mr. Mann's grievances have been denied. Plaintiff has filed nearly 200 grievances, yet almost all of them are denied. *See* ECF No. 114-2. This is statistically improbable. It is fully understandable that Mann would give up on the system after a point, and include claims where he has not filed a grievance in this suit. Mr. Mann has exhausted his administrative remedies with the grievance system. It is clear that the system has failed Mr. Mann.

Defendants' Motion for Summary Judgment should be denied as Mr. Mann has exhausted his administrative remedies, and thus his claim is not barred by the Prison Litigation Reform Act.

### III.   EIGHTH AMENDMENT CLAIMS

Defendants' seek to support their Motion for Summary Judgment with an Eighth Amendment analysis. The Eighth Amendment requires a two-pronged analysis: the objective analysis of how serious the injury or deprivation suffered by the inmate was and the subjective analysis of whether the prison official acted with a sufficiently culpable state of mind. Defendants rely on *Whitley v. Albers*, 475

U.S. 312 (1986), *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Williams v. Benjamin*, 77 F.3d 756 (4th Cir. 1996).

Their application of these cases to Plaintiff's suit is in error. Quoting *Hudson*, Defendants claim that prison officials are granted "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." 503 U.S. at 6. This standard is inapplicable to Mr. Mann's case. He had not started a riot, nor did the excessive use of force occur during a period of resistance by Mr. Mann. There was no need to "preserve internal order and discipline" in any of the instances of excessive force.

Furthermore, the Defendants quote *Whitley* as stating, " the need for an application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" 475 U.S. at 321. Plaintiff has testified that in one instance, Lt. Failey repeatedly punched and hit him as he was transported to his cell on July 28, 2010. He has also testified that upon being carried from his cell on June 14, 2010, Lt. Failey dragged him to medical by his back and the leg chains, crushing his testicles and causing severe pain. Mr. Mann testified that on June 9, 2010, he was sprayed with pepper spray and was not permitted to decontaminate. Finally, Mann testified that on August 23, 2010, he was beaten and choked by officers, and had a bottle of feces poured on his face. He was then placed in a restraint chair and not allowed to decontaminate. While the

5

Plaintiff does admit he threw feces at the officers at first, their response was clearly meant to punish and hurt, rather than to serve the goal of maintaining order.

Defendants' malicious and sadistic actions represent a violation under the Eighth Amendment. The purpose and intent behind the actions was grossly punitive, and not meant to serve a greater purpose. Thus, the Motion for Summary Judgment should be denied.

### IV. DEFENDANTS ARE NOT IMMUNE FROM SUIT BY VIRTUE OF THE DOCTRINE OF QUALIFIED IMMUNITY

Defendants' claim that regardless of any other reason to dismiss the lawsuit, the individual defendants cannot be sued because they possess qualified immunity. Under a claim of qualified immunity, government officials are protected, unless the claimant proves: "(1) the allegations underlying the claim, if true, substantiate a violation of a federal statutory or constitutional right; and (2) this violation was of a clearly established right of which a reasonable person would have known." *Columbia v. Haley*, 738 F.3d 107, 118, (4th Cir. 2013) (quoting *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292 (4th Cir. 2006)). The four instances of excessive force are textbook violations of the Eighth Amendment's prohibition of cruel and unusual punishment. Mann's Eighth Amendment right to be free from cruel and unusual punishment existed from his birth. It is a granted right under the United States Constitution. All of the officers and supervisors alleged in this suit as violators were and are aware of the existence of this right. Any reasonable person would have been aware of the existence of this right.

6

Plaintiff Mann has proven through his own testimony, and through the affidavits and testimony of others, that his rights under the Eighth Amendment were violated. Any reasonable person would have known about that clearly established right. Under the two-prong test expounded in *Columbia v. Haley*, based upon clear precedent in the 4th Circuit and the United States Supreme Court, the Defendants are not entitled to qualified immunity, as Mann has sufficiently satisfied the test. The Motion for Summary Judgment based upon qualified immunity should be denied.

## V. ELEVENTH AMENDMENT IMMUNITY DOES NOT PREVENT SUIT IN THIS CASE

Defendants contend, in their Motion, that they are all "arms of the state," and are immune from suit under the Eleventh Amendment. However, the violations of the Eighth Amendment and of SCDC policy remove the Defendants from the scope of employment. When the acts were committed, they became individually liable. Any other interpretation of this scenario would lend no recourse to Plaintiff to pursue alleged wrongs against his person.

For the foregoing reasons, Defendants' Motion for Summary Judgment as it relates to the Eleventh Amendment should be denied.

## V. CONCLUSION

For the aforementioned reasons, Defendants' are not entitled to judgment as a matter of law, and Defendants' Motion for Summary Judgment should be granted.

7

Respectfully submitted,

BY:

STARKES LAW FIRM LLC

/s/ F. Xavier Starkes
F. Xavier Starkes
Federal I.D. No. 3946
1817 Hampton Street
Post Office Box 1497
Columbia, SC 29202
(803)758-2882

MOORE TAYLOR, P.A.

/s/ Stanley L. Myers
Federal I.D. No. 9277
1700 Sunset Boulevard
Post Office Box 5709
West Columbia, South Carolina 29171
(803)796-9160
Attorneys for the Plaintiff

West Columbia, South Carolina
August 6, 2015