UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anthony Mann, ) | |
| ) | C/A NO: 0 11-2232-RMG-PJG |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| Lt. C. Failey, Maj. Sheronda Sutton, Warden ) | |
| Robert Stevenson, III, Ass Warden Larry ) | **PLAINTIFF'S RESPONSE TO** |
| Cartledge, Inv. David Hurt, Valerie ) | **DEFENDANTS' RESPONSE TO** |
| Whitaker, Capt. Percy Jones, Capt. Wilson, ) | **PLAINTIFF'S MOTIONS IN LIMINE** |
| Lt. Willie Simmons, Sgt. Young, Herman ) | |
| Wright, Sgt. Keith Moore, Cpl. Otis Daniels, ) | |
| Cpl. Vincent Manley, Cpl. Ray, Ofc. ) | |
| McNeil, Christian Manganelli, and C. Cook ) | |
| ) | |
| Defendants. ) | |
| ) | |

**TO: DANIEL R. SETTANA, JR., ESQUIRE, AND ERIN FARRELL FARTHING, ESQUIRE, ATTORNEYS FOR THE DEFENDANTS:**

**NOW COMES** the Plaintiff, Anthony Mann, by and through the undersigned counsel hereby responds to the Defendants' Response to Plaintiff's Motions in Limine to exclude any evidence of the Plaintiff's criminal history or prior "bad acts."

### I.     Excluding Evidence of Plaintiff's Past Criminal Convictions

Defendants argue that under Rule 609 of the Federal Rules of Evidence, you may attack a witnesses' character for truthfulness by evidence of a criminal conviction.  However, under 609(a) this evidence can only be brought forth if (1) the crime was a felony and, the relevance of the crime does not outweigh its prejudicial effect and (2) if it was a crime of dishonesty.

1

Although Mann's crimes were felonies, when the Rule 403 probative/balancing test is applied, his past criminal convictions should not be admissible. The relevance does not outweigh the prejudicial effect. The basis of Plaintiff's claims is that the Defendants used excessive force. Defendants violated SCDC Policies and Plaintiff's Constitutional Rights. Admitting evidence of Plaintiff's prior criminal convictions would unfairly lead the jury to believe that Plaintiff was the aggressor in each of the incidents at issue. Plaintiff's past criminal record is not relevant in determining whether excessive force was used by Defendants. Therefore, pursuant to Rules 609 and 403, FRE, Plaintiff's past criminal convictions should not be admissible. Also, the Plaintiff's prior crimes are not relevant to this action under Fed. R. Evid. 402. Under Rule 402, if evidence is not relevant it is not admissible in court. Once again, Plaintiff's prior convictions have nothing to do with the Plaintiff's claim for excessive force claim.

Defendants introduce *Green v. Bock Laundry Mach. Co.,* 490 U.S. 504 (1989) to say that Fed R. Evid. 609 allows evidence of prior convictions to attack a witness's character for truthfulness. Defendants argue that Rule 609(a)(1)'s exclusion of civil witnesses from its weighing language is a specific command that impeachment of such witness be admitted, which overrides a judge's general discretionary authority under Rule 403. We disagree. According to *Kunz v. DeFelice*, 538 F.3d 667, 675 (7th Cir. 2008), "Rule 609 was amended after *Green* . . . to incorporate expressly the balancing of probative value against prejudice that Rule 403 embodies. The district court was thus fully entitled to take Rule 403 into account." Thus, the evidence of a prior conviction must still be more probative than not to be admissible. In this action, the evidence of Plaintiff's prior convictions is not at all probative or relevant to the claims against Defendants.

Defendants argue that Plaintiff's past convictions should be admissible under Rule 609. It is "presumed" under Fed. R. Evid. 609(b) that evidence of a crime will be excluded if more than ten (10) years have elapsed since the witness's conviction of a crime or release from custody, whichever is later. *Lewis v. Velez*, 149 F.R.D. 474, 481 (S.D.N.Y. 1993). Plaintiff is still in custody. However, the fact that he is still in custody does not make his prior convictions automatically admissible. Rule 609(b)(1) states …Evidence of the conviction is admissible only if it's probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. In this case, the probative value is not "substantially" outweighed by the prejudicial effect. The specific facts and circumstances show the Defendants were the aggressors and used excessive force under the guise of restraining Plaintiff. Admitting this evidence would prejudice Plaintiff by falsely making him appear to be the aggressor. The prejudicial effect is substantially outweighed by any probative value this evidence would have.

Defendants, therefore, should not be permitted to introduce evidence and testimony of Plaintiff's past convictions.

## II.    Excluding Evidence of Plaintiff's Prior "Bad Acts"

Defendants argue that because Plaintiff was in a level 3 institution, they are allowed to describe the nature of a level 3 institution, the special management unit and the particular reasons for placing inmates within these units. The nature of a level 3 institution can be described without referring specifically to Plaintiff's past convictions. Further, the type of institution Plaintiff was housed in is irrelevant in light of the claims against Defendants. Even if Plaintiff was in a minimum security facility, Defendants cannot violate his rights by using excessive force.

Defendants argue that under Rule 404(b)(2) Plaintiff's SCDC disciplinary history and infractions are admissible as evidence of wrongs or other acts admissible to prove motive, opportunity, intent, plan, or knowledge. We disagree. First, these permitted uses only apply in criminal cases. Second, according to *Kunz v. DeFelice,* Rule 404 generally forbids the use of past acts, even of criminality, to prove a criminal, dishonest character in a civil case. Defendants claim they are not trying to impugn Plaintiff's character by introducing evidence of his disciplinary history. In fact, they are attempting to do just that. Defendants desire to portray Plaintiff as pre-disposed against the Defendants and have a propensity to misbehave or act violently. Plaintiff's disciplinary history is totally irrelevant to the use of excessive force by the Defendants. Therefore, there is no reason to admit Plaintiff's disciplinary history as it has no bearing on the claims against the Defendants.

Defendants claim that evidence of Plaintiff's prior bad acts is relevant under Fed. R. Evid. 401 and 402. We disagree. Evidence is relevant unless it "tends to make the existence of any fact that is of consequence to the action more probable or less probable than it would be without the evidence. FRE 401. Evidence of Plaintiff's disciplinary infractions or other alleged bad acts plainly has no bearing on the issue to be determined at trial: whether Defendants unlawfully used excessive force during the incidents in question. Plaintiff's prior bad acts are not relevant. The only reason to introduce this evidence would be to unfairly prejudice the jury which would make this evidence inadmissible.

**Conclusion**

Based on the above arguments, Plaintiff requests that the Court exclude evidence of (1) Plaintiff's criminal history; and (2) Plaintiff's disciplinary infractions or other alleged "bad acts".

Respectfully submitted,

S/Fernando Xavier Starkes
Fernando Xavier Starkes
Federal I.D. 3946
1817 Hampton Street
Columbia, SC 29201

Stanley L. Myers
Federal I.D. No. 9277
1700 Sunset Boulevard
P.O. Box 5709
West Columbia, SC 29171
(803) 796-9160

ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina

August 10, 2015.