# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 0:11-2232-RMG |
| ) | |
| vs. ) | |
| ) | |
| Lt. C. Failey, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Anthony L. Mann, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 0:14-1647-RMG |
| ) | |
| vs. ) | |
| ) | |
| Captain C. Williams, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Anthony L. Mann, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 0:14-3474-RMG |
| ) | |
| vs. ) | |
| ) | |
| Sgt. M. Scott, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter arises in response to a text order issued by the Court on September 2, 2015, asking counsel in the above-captioned cases to respond to the Court's consideration of consolidating these matters for trial pursuant to Fed. R. Civ. P. 42(a). Plaintiff in all three actions, Anthony L. Mann, opposed the consolidation of the cases. Defendants in C.A. Nos. 0:11-2232-RMG and 0:14-1647-RMG advised the Court they did not oppose consolidation, and Defendants in C.A. No. 0:14-3474-RMG advised the Court they opposed consolidation. (C.A. No. 0:11-2232-RMG, Dkt. Nos. 297, 298; C.A. No. 0:14-1647, Dkt. Nos. 115, 116; C.A. No. 0:14-3474-RMG, Dkt. Nos. 79, 80).

The three cases have in common the same Plaintiff and all involve confrontations between Plaintiff and correctional officers in which Plaintiff alleges the defendants inappropriately administered pepper spray and/or refused to allow him to decontaminate after being administered pepper spray. One of the cases, C.A. No. 0:11-2232-RMG, involves allegations of alleged unconstitutional actions of the named defendants occurring over four separate days.[1] Discovery has been completed in this action, a summary judgment motion is pending and has been fully briefed, and the case is subject to being called for trial. (C.A. No. 0:11-2232-RMG, Dkt. Nos. 239, 264, 278). Another of the cases, C.A. No. 0:14-1647-RMG, involves a single allegation of improper use of pepper spray at the Perry Correctional Institution on March 20, 2011. (C.A. No. 0:14-1647-RMG, Dkt. No. 106 at 1, 4). The third case, C.A. No. 0:14-3474-RMG, involves a single allegation of refusal of defendants to allow Plaintiff to be

---

[1] Plaintiff alleges these events occurred on June 9 and 14, 2010, July 28, 2010 and August 23, 2010 at Broad River Correctional Institution. (C.A. No. 0:11-2232, Dkt. No. 196 at 14-19).

-3-

decontaminated following the administration of pepper spray on April 17, 2014, at Lee Correctional Institution. (C.A. No. 0:14-3474, Dkt. No. 71 at 1-2). Plaintiff is represented by the same counsel in C.A. Nos. 0:14-1647-RMG and 0:14-3474-RMG, and those two cases are subject to being called for trial on or after March 1, 2016. All of the three cases would be tried in the Matthew J. Perry Federal Courthouse in Columbia.[2]

It is well settled that a federal district court has broad authority to consolidate cases for trial pursuant to Fed. R. Civ. P. 42(a) where there are common questions of law or fact. The Fourth Circuit has provided considerable guidance on the issue of consolidation, advising district courts that the "critical question" is to weigh "the specific risks of prejudice and possible confusion" against such factors as the "burden on . . . judicial resources posed by multiple lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives." *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). Consolidation is an appropriate option where there are multiple cases filed by one plaintiff and in prisoner cases with common questions of law or fact. *Hagan v. Rogers*, 570 F.3d 146, 161 n. 11 (3d Cir. 2009); 8 Moore's Fed. Practice § 42.10[1][c][iv] (3d Ed. 2015).

---

[2] All three cases carry civil action numbers for the Rock Hill Division of the District of South Carolina. The District of South Carolina no longer has a federal courthouse in Rock Hill, and all Rock Hill Division cases are tried in Columbia. Defendants in C.A. Nos. 0:11-2232-RMG and 0:14-14-1647-RMG moved to transfer the cases from the Rock Hill Division to the Columbia Division so that the cases could be tried in the Federal Courthouse in Columbia. Since Rock Hill Division cases are tried in the Federal Courthouse in Columbia, the Court denies Defendants' motions as moot. (C.A. No. 0:11-2232-RMG, Dkt. No. 297; C.A. No. 0:14-1647-RMG, Dkt. No. 115).

After carefully weighing the various factual and legal issues involved in each of the three pending cases brought by Plaintiff, the Court finds it appropriate to consolidate for trial C. A. Nos. 0:14-1647-RMG and 0:14-3474-RMG. These two cases, while arising in different prison facilities with different defendants, have similar factual circumstances, identical discovery schedules, the same plaintiff and the same plaintiff counsel. Each of these cases involve a single event on a specific date, reducing the risk of jury confusion. The Court finds the efficiencies promoted by consolidating for trial these two cases outweigh any risk of jury confusion or prejudice.

The Court finds that C.A. No. 0:11-2232-RMG is not an appropriate candidate for consolidation with the other two cases. C.A. No. 0:11-2232-RMG has a pending summary judgment motion and is otherwise ready for trial. The case involves episodes over four separate days from June through August, 2010, and could, if consolidated with the other two cases, produce jury confusion as the jury attempted to keep straight events which occurred over six different days. Further, the plaintiff is represented in this matter by different counsel than in the other two actions the Court has consolidated for trial.

## Conclusion

The Court hereby consolidates for trial C.A. Nos. 0:14-1647-RMG and 0:14-3474. C. A. No. 0:11-2232-RMG will be tried separately. Both trials will be held in the Matthew J. Perry Federal Courthouse in Columbia. Thus, Defendants' motions to transfer (C.A. No. 0:11-2232-RMG, Dkt. No. 297; C.A. No. 0:14-1647-RMG, Dkt. No. 115) are denied as moot.

//

//

-5-

AND IT IS SO ORDERED.

                                           Richard Mark Gergel
                                           United States District Court

October 9, 2015
Charleston, South Carolina