IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| Anthony L. Mann, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Case No. 0:11-2232-RMG |
| Plaintiff, | | |
| Vs. | | **PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY TO PLAINTIFF'S REPONSE TO MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS** |
| Lt. C. Failey, Maj. Sheronda Sutton, Capt. Wilson, Lt. Willie Simmons, Sgt. Hernam Wright, Sgt. Keith Moore, Cpl. Otis Daniels, Cpl. Vincent Manley, Cpl. Ray, Ofc. McNeal, Christian Manganelli, C. Cook, | | |
| Defendants. | | |

Pursuant to the Order of the Court dated October 13, 2015, this Response will specifically address Plaintiff's misidentification of "C Cook" versus "S Cook" in the initial Pro Se Complaint. As the Court's Order makes clear, the misidentification was not known until April 15, 2015, during the Plaintiff's deposition.

In their Reply To Plaintiff's Response To Motion For Summary Judgment ("Reply"), Defendants make several arguments as to why "C Cook" and "S Cook" should be granted summary judgment. Each of their arguments is without merit and summary judgment should be denied.

**Justice Requires Leave of Court to Amend Complaint**

The Federal Rules of Civil Procedure specifically address leave of court to amend the pleadings. According to Federal Rule 15 (a)(2), ….a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

1

Since the Defendants are seeking summary judgment on this issue, the Plaintiff assumes the Defendants will not consent to the amendment. However, justice requires allowing the Plaintiff to amend the Complaint to what simply amounts to replacing an initial.

Defendants state, in their Reply, "It is not altogether surprising that the SCDC might believe that the Defendant named as "C. Cook" by Plaintiff was the C Cook currently working in the BRCI's mailroom rather than another SCDC employee with the last name of Cook. Plaintiff clearly named as a Defendant "C Cook" multiple times in his Complaint. ECF No. 1 p. 1,2 and 9." Explanations of how "C Cook" is named in the Complaint require further examination. It is important to note the reference to "C Cook" on page one (1) of the Complaint is in the caption. The reference to "C Cook" on page two (2) is in response to a question that simply asks to list all Defendants. The reference to "C Cook" on page nine (9) of the Complaint relates to one of the four (4) incidents involving the use of excessive force by the Defendants. Additionally, Defendants fail to mention that "C Cook" was also mentioned on page ten (10) of the Complaint. That page lists "C Cook" as a member of the extraction team not a mailroom employee. I suspect SCDC would be hard pressed to show any occasion where a mailroom employee was used as a correctional officer on an extraction team. SCDC was and is in the perfect position to identify Officer Cook as the member of the extraction team since the agency employed him. For SCDC and Defendants to claim they thought C Cook was a mailroom employee is disingenuous based on the facts as outlined in the Complaint.

Defendants also argue that "C Cook" filed a timely Answer denying all allegations and raising a number of defenses. Note that these responses would not change if "S Cook" is added or substituted for "C Cook". In fact, if one were to revise the Answer of Defendants by simply changing the "C" in "C Cook" to an "S", the Answer and defenses of the Defendants would still be

2

exactly the same. This scrivener's error should not warrant a dismissal of this Defendant. As previously stated, the "C Cook" in the Complaint was a correctional officer, not a mailroom employee. There is no way to confuse the two. Also, all of the Defendants named in this action are represented by the same counsel. Therefore, Officer S Cook will not need separate counsel. Not only is there no need for additional counsel, there is no need to file any additional responsive pleadings on behalf of Officer S Cook. All responsive pleadings and defenses filed by defense counsel will apply to Officer S Cook if he is added as a defendant.

Based on the foregoing, justice requires that Plaintiff be granted leave to amend his Complaint to add/substitute Correctional Officer S Cook as the proper defendant.

### Relation Back to Original Complaint

Rule 15(c)(1) allows amendments to relate back to the original pleading.

This Rule states:

> An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out- in the original pleading: or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i)received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) know or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Plaintiff should be granted leave to amend his Complaint because each element of Rule 15(c)(1) is met. The conduct, transaction and occurrence of Officer S Cook were set out in the original Complaint. The elements of subsection (C) are also satisfied because, if the Court grants

leave to amend, service can be perfected on Officer S Cook. Officer S Cook would not be prejudiced because the same defenses pled on behalf of C Cook apply to S Cook as well. Finally, S Cook participated in the use of excessive force on the August 23, 2010 incident. Therefore, he knew or should have known this action would be brought against him.

Defendants allege that "S Cook" no longer works with SCDC and has moved to Florida. This incident could have been the reason he left the agency. This can only be determined if S Cook is named as a party to this action.

Rule 4(m) allows the Court to extend the time for service for an appropriate period when the Plaintiff shows good cause. SCDC and Defendants received notice of the action and neither they nor "S Cook" would be prejudiced in defending the merits of the case. The same defenses that applied to "C Cook" will apply to "S Cook". Thus, there is absolutely no prejudice that could result.

The South Carolina Supreme Court has allowed for amended Complaints to include additional claims when appropriate. A Respondent's Motion to Amend her Complaint was granted when the Motion was filed in a timely fashion and the claim related back to the original complaint. *Stanley v. Kirkpatrick*, 357 S.C. 169. 175. 592 S.E.2d 296 (2004). In this case, the elements of the Stanley case have been met as previously discussed. Therefore, justice requires leave of court to amend the complaint.

The Defendants allege S Cook is no longer working with SCDC and moved to Florida. This incident could have been the reason he left the agency. This can only be determined if "S Cook" is named as a party to this action.

The Defendants may assert that any claims against "S Cook" are barred by the applicable statute of limitations. Under Rule 15(c), naming Officer S Cook as a party relates back to the original Complaint thus eliminating an issue with the applicable statute of limitations.

## Conclusion

For the reasons stated herein, the Plaintiff should be granted leave to amend his Complaint to name "S Cook" as a Defendant in place of "C Cook". Further, the Defendants' motion for summary judgment regarding Defendant "C Cook" should be denied. Should the Court grant Plaintiff's request for leave to amend his Complaint, Plaintiff is prepared to file the appropriate motion and Amended Complaint.

STARKES LAW FIRM, L.L.C.

/s/ F Xavier Starkes
F. Xavier Starkes
Federal I.D. No. 3946
Attorney for Plaintiff
Post Office Box 1497
Columbia, SC  29202
(803) 758-2882

MOORE TAYLOR LAW FIRM, P.A.

Stanley L. Myers
Federal I.D. No. 9277
1700 Sunset Boulevard
P.O. Box 5709
West Columbia, SC 29171
(803) 796-9160

Columbia, South Carolina

October 27, 2015