UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Anthony L. Mann, | ) | C/A No. 0 11-cv-2232-RMG |
|           Plaintiff, | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **SPOLIATION JURY INSTRUCTION,** |
| | ) | **MOTION FOR SANCTIONS DUE** |
| Lt. C. Failey, Maj. Sheronda Sutton, Warden | ) | **TO SPOLIATION OF EVIDENCE AND** |
| Robert Stevenson, III, Ass.Warden Larry | ) | **MEMORANDUM OF LAW IN** |
| Cartledge, Inv. David Hurt, Valeria | ) | **SUPPORT OF THE SAME** |
| Whitaker, Capt. Percy Jones, Capt. Wilson, | ) | |
| Lt. Willie Simmons, Sgt. Young, Sgt. | ) | |
| Herman Wright; Sgt. Keith Moore, Cpl. | ) | |
| Otis Daniels, Cpl. Vincent Manley, Cpl. Ray, | ) | |
| Ofc. McNeal, Christian Manganelli, | ) | |
| C. Cook, | ) | |
|           Defendants. | ) | |

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Anthony L. Mann, Plaintiff and moves the Court for an Order finding that above-named Defendants have abused the discovery process by spoliating evidence. Plaintiff further moves the Court to sanction Defendants by ordering the submission of a spoliation presumption instruction to the jury at the time of trial.

## INTRODUCTION

    On August 23, 2010, Plaintiff was ordered to leave his cell at Broad River Correction Institution to be stripped out. When Plaintiff refused to do so, Correctional Officer Simmons sprayed MK-9 chemicals into Plaintiff's cell. Plaintiff shielded himself with his mattress. The guards left for about 20-30 minutes but then returned with a video camera in hand. Once the

1

guards opened the cell, Plaintiff began throwing small bottles filled with feces and urine at any guards attempting to enter his cell. The guards grabbed Plaintiff's legs, threw him to the ground, and started beating him. Plaintiff begged for them to stop, insisting that he was not resisting, but the guards continued to beat him incessantly. When the beating stopped, CO Maganalli and CO Moore dragged Plaintiff from his cell by a bed sheet wrapped around his neck, slamming his face into the door frames as they went. Plaintiff was then placed in the Body Orifice Security Seat. Plaintiff repeatedly asked to be decontaminated, but was denied. CO Wilson told Plaintiff that he would be lucky to ever shower again after his actions. Plaintiff remained in the restraint chair for six (6) hours covered in feces and urine, with a large gash on his head profusely bleeding. Much of this incident was recorded by Cpl. Ray with the video camera on hand, as is required by SCDC policy, which states the following:

> **OP 22.11 §28.2.1**: When the use of force is anticipated, the audio/video camera should be utilized. Filming will continue until the objective is completed. There will be no break in filming/recording of the procedure/incident. All security staff will be trained by the appropriate Training Officer in the use of this equipment. When a forced cell movement becomes necessary due to an assault on an employee, that employee will not participate in the forced cell move.
>
> **OP 22.11§28.2.4**: Situations that are subject to audio/video recording include:
> forced cell movement by Forced Cell Movement Team;
> use of electronic stun devices (when authorized);
> use of restraint chair;
> forced shower of MSU inmate; and
> forced hair cut and/or shave of MSU inmate.

On or about December 17, 2014, Plaintiff's counsel served Plaintiff's First Set of Requests To Produce on Defendant's counsel. Included in those requests were inquiries concerning videos involving the Plaintiff. Defendants' counsel responded to Plaintiff's First Set of Requests To Produce on or about April 2, 2015 as follows:

1. Please produce any and all photographs, video and audio recordings, maps, plats, and/or diagrams (computer generated or otherwise) regarding the Plaintiff, made

2

immediately prior to, during, or subsequent to the incidents outlined in the Plaintiff's Complaint including but not limited to any of Plaintiff's disciplinary hearings from June-October 2010.

RESPONSE: The Defendants' object to this request to the extent that it seeks attorney-client and /or work product privileged documents. Notwithstanding this objection, please see Answer to Interrogatory No. 2 and documents attached herewith.

**Note that Defendants' answer to Interrogatory No. 2 is, " cc) CD copy of Video showing Plaintiff's Cell Transfer."**

The CD referenced in Defendant's answer is actually a video of Plaintiff's transfer on August 5, 2010, not August 23, 2010.

7. Identify and produce any and all Use of Force video(s) involving the Plaintiff during his incarceration within SCDC.

RESPONSE: The Defendants object to this request to the extent that it seeks attorney-client and/or work product privileged documents. Notwithstanding the foregoing objections please see attached video.

**Once again, the only video attached was that of the August 5, 2010 of Plaintiff's forced cell extraction.**

Richard E. Marsh, III, Defendants' counsel, responded to this request in a letter on May 29, 2015, stating that neither he, nor his clients, were in possession of such a video recording. **[Exhibit 1 - Richard E. Marsh's letter from May 29, 2015]** In a separate letter from May 29, 2015, Daniel R. Settana, Jr., stated that the video recorder was damaged during the August 23, 2010 incident, but that the recordings were turned over to SLED, where the recordings were subsequently deemed irretrievable. Mr. Settana further stated that the recordings were never returned from SLED. **(Exhibit 2 – Daniel Settana's letter dated May 29, 2015)** However, Defendant Cpl. Ray stated in his deposition that he recorded the forced cell extraction on August 23, 2010, and he made sure the video camera was operating properly. In his deposition, Defendant Cpl. Ray responded to questioning as follows:

Q:   Did you power it up and see if it had battery life?

3

A:   Yes, it did at the time, yes.
Q:   Was it functioning when you started it up?
A:   Yes.
Q:   And it was recording as it should have?
A:   Well it -- it got the recording on it saying it was recording.
Q:   And so you basically -- you received the camera, the first thing you did was you powered it up and you hit the record button.
A:   Yes, yes.

Defendants and Defendants counsel further seemed to confuse whether or not the recordings were ever returned to the South Carolina Department of Corrections. **[Exhibit 3 – Letter to Daniels R. Settana from June 9, 2015]**

Defendants' counsel was able to provide Plaintiff's counsel with a video recording of the forced cell extraction of Plaintiff on August 5, 2010. This recording shows Plaintiff being removed from his cell without incident. Defendants' counsel did not, however, provide Plaintiff's counsel with a recording of the forced cell extraction from August 23, 2010. Defendants' counsel initially stated that the video recording was missing. Defendants' counsel did finally provide Plaintiff's counsel with a copy of what was represented to be the August 23, 2010 video recording,; however, the video was blank. The failure to provide a video recording of the August 23, 2010 incident is clear violation of SCDC policy, which states:

> **OP 22.11 §28.2.5**: All videos will be retained on file for six (6) years by the Division of Investigations. SCDC Form 19-5, "Report on the Use of Force," will be completed and distributed in accordance with agency policy regardless of the type force applied.

## MOTION FOR SPOLIATION INSTRUCTION

Spoliation of evidence refers to "the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).

4

A party may be sanctioned for spoliation where (1) the party was under a duty to preserve the evidence at the time it was altered or destroyed; and (2) the altered or destroyed evidence is relevant to the case. *Silvestri*, 271 F.3d at 590 (4th Cir. 2001). In imposing sanctions for spoliation, "the trial court has discretion to pursue a wide range of responses for the purpose of leveling the evidentiary playing field and for the purpose of sanctioning the improper conduct." *Id.* (quoting *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995)). The courts focus on two issues in determining appropriate sanctions: (1) the conduct of the spoliator; and (2) the prejudice to the opposing party resulting from the missing or destroyed evidence. *Silvestri*, 271 F.3d at 593 (4th Cir. 2001) *see also Nucorp Corp. v. Bell*, 251 F.R.D. 191, 194 (D.S.C. 2008).

In South Carolina civil cases, destroyed evidence entitles a party to a jury instruction allowing an inference that the evidence would have been adverse to the party that destroyed it. *See Kershaw Co. Bd. of Educ. v. United States Gypsum Co.*, 302 S.C. 390, 394 (1990). This inference may be imposed without regard to the intentions of the non-producing party or circumstances surrounding non-production of the evidence. *See Gathers v. South Carolina Elec. & Gas*, 311 S.C. 81, 427 S.E.2d 687 (Ct. App. 1993) (where the court imposed this inference despite the fact that the defendant removed evidence out of safety considerations). Therefore, it is inconsequential that the loss of evidence may have been accidental.

Furthermore, courts in the Fourth Circuit have found that adverse inference instructions are warranted for acts of spoliation. For instance, in *Nucor Corp. v. Bell*, 251 F.R.D. 191 (D.S.C. 2008), the Court found that the defendant's continued use of a laptop computer amounted to "willful conduct" because the laptop contained relevant ESI and the defendant was under a duty to preserve the data. As such, the Court found that an adverse-inference jury instruction would

5

adequately sanction the defendant's improper conduct and mitigate the prejudice to the plaintiff. *Id.* at 202; *see also Vodusek*, 71 F.3d at 156-57 (4th Cir. 1995) (finding that plaintiff's intentional destruction of evidence, even if not done in bad faith, warranted an adverse inference instruction where the evidence was relevant to the defense).

### A. Defendants had a duty to preserve this evidence.

A party has a duty to preserve evidence for inspection in litigation. *See Gathers*, 311 S.C. at 81, 427 S.E.2d at 687 (where the court sanctioned a party for removing the service line and meter at issue in an electrocution death case so that it was unavailable for inspection). "The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri*, 271 F.3d at 591 (citing *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)).

In the present case, Defendants knew or reasonably should have known that the video recording of the incident on August 23, 2010 would be relied upon by Plaintiff as material evidence of his claims for litigation.

### B. Defendants negligently or deliberately destroyed the evidence.

Defendants' conduct of destroying evidence relevant to this case was deliberate, or at the very least negligent. Courts have gone as far as affirming the dismissal of a case where the conduct of the spoliator may have been either deliberate or negligent and the party seeking the introduce the evidence was irreparable prejudiced by the destruction of the evidence. *Silvestri*, 271 F.3d at 594 (4th Cir. 2001).

The Defendants in the case likely deliberately destroyed the video evidence in an attempt to conceal direct evidence of their brutal mistreatment of Plaintiff.

6

**C.     Defendants' spoliation has prejudiced Plaintiff's ability to present his case.**

Plaintiff claims that he was injured by Defendants when Defendants pulled him from his bed and slammed him to the ground, where they then beat him repeatedly. Most, if not all, of the Defendants' violent acts were video taped. Defendants' act of destroying the video has irreparably prejudiced Plaintiff's ability to present his case.

**D.     Spoliation Presumption**

In South Carolina, destroyed evidence entitles a party to a jury instruction allowing an inference that the evidence would have been adverse to the party that destroyed it. *Kershaw Cnty Bd. of Educ.*, 302 S.C. at 394 (1990).

Plaintiff has established that Defendants had a duty to preserve the video evidence created by Defendants on August 23, 2010; that Defendants deliberately or negligently disposed of the video evidence; and that the spoliation of the evidence by Defendants prejudiced Plaintiff's ability to prove the brutality of the Defendants.

## SANCTIONS

Courts have the statutory authority to impose sanctions for spoliation of evidence pursuant to Federal Rule of Civil Procedure 37. Furthermore, South Carolina courts have previously recognized the court's power to sanction parties for mishandling evidence. *See Welch v. Gibbons*, 211 S.C. 516, 46 S.E.2d 147 (1948) (affirming the imposition of an adverse inference against a plaintiff who withheld evidence from the Defendant).

Discovery sanctions are within the Court's discretion, and the court's exercise of its discretionary powers with respect to sanctions imposed in discovery matters will be interfered with by the Court of Appeals only if an abuse of discretion has occurred. *Karppi v. Greenville*

*Terrazzo Co., Inc.*, 327 S.C. 538, 542, 489 S.E.2d 679, 681 (Ct.App. 1997). The sanction imposed should be reasonable. *Balloon Plantation v. Head Balloons*, 303 S.C. 152, 154, 399 S.E.2d 439, 440 (Ct.App.1990). The sanction should be aimed at the specific misconduct of the party sanctioned. *Id.* Furthermore, whatever sanction is imposed should serve to protect the rights of discovery provided by the Rules of Civil Procedure. *Downey v. Dixon*, 294 S.C. 42, 45, 362 S.E.2d 317, 318 (Ct.App. 1987); *Kershaw Co. Bd. of Educ.*, 302 S.C. at 396, S.E.2d 369.

Plaintiff submits that the sanctions sought by this Motion are both reasonable and aimed at the specific misconduct of the Defendants. Plaintiff further submits the sanction sought by the Motion would serve to protect the rights of discovery provided by the Rules of Civil Procedure.

Accordingly, Plaintiff respectfully moves the Court to find that Defendants have abused the discovery process by spoliating evidence and to give a spoliation presumption instruction to the jury at the time of trial. Plaintiff also prays for all other relief to which he may be justly entitled.

Respectfully Submitted by:

S/Fernando Xavier Starkes
Fernando Xavier Starkes (Fed. I.D. No. 3946)
1817 Hampton Street
Columbia, South Carolina 29201
(803) 758-2882

Stanley L. Myers (Fed. I.D. 9277)
Post Office Box 5709
West Columbia, South Carolina 29171
(803) 796-9160

ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina
December 17, 2015.

Julius W. McKay, II
Mark D. Cauthen
Daniel R. Settana, Jr.
M. Stephen Stubley
Janet Brooks Holmes
Peter P. Leventis, IV
Kelli L. Sullivan*

George D. Gallagher*
Temus C. Miles, Jr.
David M. Bornemann
Brandon P. Jones
James E. L. Fickling+
Richard E. Marsh, III
Courtney R. Pawley
Charles A. Kinney, Jr. +

Law Offices
# McKay, Cauthen, Settana & Stubley, P.A.

P.O. Box 7217
Columbia, South Carolina 29202-7217

1303 Blanding Street
Columbia, South Carolina 29201

Douglas McKay, Jr.
(1917-2008)

Telephone
(803) 256-4645
Fax
(803) 765-1839
E-Mail
mms@mckayfirm.com
Web
www.mckayfirm.com

*S.C. Certified Mediator
+ Also licensed in N.C.

May 29, 2015

**Via Email Only:**
Fernando Xavier Starkes, Esquire (xavier@starkeslawfirm.com)
Starkes Law Firm
P.O. Box 1497
Columbia, SC 29202

  Re: Anthony L. Mann v. Lt. C. Failey
    Case No: 0:11-cv-2232-RMG
    Our File No.: 9-363

Dear Xavier,

  Please allow this correspondence to serve as a response to your request for a copy of the August 23, 2010 video recording of Plaintiff's Forced Cell Extraction. First, neither we nor our clients are in possession of this video. As the Plaintiff detailed in his deposition, when the extraction team assembled and attempted to remove Plaintiff from his cell, he threw numerous bottles containing feces and other human waste at the team.

  These substances came into contact with the videographer and appear to have affected the integrity of the video. After Plaintiff was removed from his cell the video was given to an SCDC investigator who was unable to play or view any contents of the recording. He then submitted the video to SLED to see if they had the ability to retrieve the video. Their efforts were unsuccessful and the video was deemed irretrievable.

  I am investigating whether any physical discs of the video recording attempt from August 23, 2010 was retained by SLED after they determined it was irretrievable. If so, it will be made available. I would happy to answer any further questions you may have regarding the August 23, 2010 video recording attempt.

           Sincerely,

           Richard E. Marsh, III

REM/srm
cc: Stanley L. Myers, Sr., Esquire (stanley@mttlaw.com)



PLAINTIFF'S EXHIBIT 1

Julius W. McKay, II
Mark D. Cauthen
Daniel R. Settana, Jr.
M. Stephen Stubley
Janet Brooks Holmes
Peter P. Leventis, IV
Kelli L. Sullivan*

George D. Gallagher*
Temus C. Miles, Jr.
David M. Bonnemann
Brandon P. Jones
James E. L. Fickling+
Richard E. Marsh, III
Courtney R. Pawley
Charles A. Kinney, Jr. +

Law Offices
## McKay, Cauthen, Settana & Stubley, P.A.

P.O. Box 7217
Columbia, South Carolina 29202-7217

1303 Blanding Street
Columbia, South Carolina 29201

Douglas McKay, Jr.
(1917-2008)

Telephone
(803) 256-4645
Fax
(803) 765-1839
E-Mail
mms@mckayfirm.com
Web
www.mckayfirm.com

*S.C. Certified Mediator
+ Also licensed in N.C.

May 29, 2015

**Via Email Only:**
Fernando Xavier Starkes, Esquire (xavier@starkeslawfirm.com)
Starkes Law Firm
P.O. Box 1497
Columbia, SC 29202

    Re:    Anthony L. Mann v. Lt. C. Failey
           Case No:    0:11-cv-2232-RMG
           Our File No.: 9-363

Dear Xavier,

    My associate, Richard Marsh, recently sent to you our response regarding the August 23, 2010, video recording of the Plaintiff's forced cell extraction. I am writing to provide a little more information in conjunction with that letter.

    First, there is no dispute that the video recorder was damaged by your client throwing feces. There is also no dispute that the recordings were turned over to SLED to see if they could retrieve the data. There are competing recollections on the type of video recorder used. One individual believes these were CD-type disks, while another does not.

    Second, it is the recollection of Investigator David Hurt that he was given the video recording from the forced cell movement To his recollection the video was on two CDs. It was clear from looking at the CDs that something was recorded on the disk but when he attempted to play the recording it was irretrievable. He later brought the recording to SLED to see if they could retrieve the video from the disk but they could not. It will be his testimony that no one acted in any way to conspire with any officers or employees of SCDC to destroy or damage the video from the forced cell movement.

    Third, we are continuing to follow up on this disk, but will cooperate with you for any subpoenas you may send to SLED or any other entities. If we locate the video we would produce these to you immediately. I want to emphasize once again, we do not believe the disks were ever returned from SLED.



McKay, Cauthen, Settana & Stubley, P.A.

If you have any questions, please do not hesitate to call.

Sincerely,

Daniel R. Settana, Jr.

DRS,jr./srm
cc:   Stanley L. Myers, Sr., Esquire (stanley@mttlaw.com)



# STARKES
## LAW FIRM, L.L.C.

1817 Hampton St.
Post Office Box 1497
Columbia, SC 29202

F. XAVIER STARKES
ATTORNEY AT LAW

June 9, 2015

xavier@starkeslawfirm.com
www.starkeslawfirm.com

**VIA EMAIL**
Daniel R. Settana, Jr., Esquire (dsettana@mckayfirm.com)
McKay Law Firm, P.A.
P.O. Box 7217
Columbia, SC 29202

      Re:  Anthony L. Mann v. Lt. C. Failey
         Case No: 0:11-cv-2232-RMG
         Our File No: 2014-0117

Dear Dan:

  I am in receipt of your letter dated May 29, 2015 regarding the August 23, 2010 video of my client's forced cell extraction. In your letter, you stated the video recorder was damaged by Mr. Mann throwing feces. Your letter also says the recordings were turned over to SLED. Your letter further says that one individual believes the video recorder used disks, while another does not. This letter raises several concerns that must be addressed.

  First, during one of our depositions last week, Rich indicated that someone believes the disks or whatever was used to record the extraction, were sent back to someone at SCDC. Please clarify this because this new revelation directly contradicts the last sentence on the first page of your letter which says, "I want to emphasize once again, we do not believe the disks were ever returned from SLED." You may want to confirm my understanding with Rich. I would like to get a final answer to where the disks or tapes are and who has them.

  Second, your letter does not identify who the individuals are with the competing beliefs regarding whether disks were used. I would like to know the names of these individuals and his or her contact information. I'm sure our initial written discovery would cover this and I will be happy to supplement our discovery if that will help you with providing us with the names and contact information of these individuals.

  Finally, when you determine the location of the disks and the camera, we would like you to turn them over to us for inspection. Once again, we feel our initial written discovery requests should cover this.

  Stanley and I would also like to schedule a visit to Broad River Correctional Institution. The purpose of the visit will be to inspect the areas of the prison where the incidents involving Mr. Mann

**PLAINTIFF'S EXHIBIT 3**

TELEPHONE: (803) 758-2882     ♦     TOLL FREE: (866) 605-7800     ♦     FACSIMILE: (80



# STARKES
## LAW FIRM, L.L.C.

took place. Please send us several prospective dates that are convenient so that we may expedite the visit.

Our discovery deadline is fast approaching and we still have not received responses from you regarding personnel records of the remaining defendants. As you are aware, we have not filed a motion to compel. However, at this point, we feel we have no choice but to file the motion to protect our client's interest. We will file the motion immediately. However, we will be happy to withdraw the motion upon receipt of the requested information.

Please feel free to contact me if you have any questions or concerns regarding this matter.

Yours very truly,

STARKES LAW FIRM, L.L.C.

BY: _____
F. Xavier Starkes

FXS:dls
Cc:  Mr. Anthony L. Mann
     Stanley L. Myers, Esquire (via email)