IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anthony L. Mann, ) | |
| ) | Civil Action No.: 0:11-cv-2232-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Lt. C. Failey, Maj. Sheronda Sutton, Warden ) | |
| Robert Stevenson, III, Ass. Warden Larry ) | |
| Cartledge, Inv. David Hurt, Valeria ) | |
| Whitaker, Capt. Percy Jones, Capt. Wilson, ) | |
| Lt. Willie Simmons, Sgt. Young, Sgt. ) | |
| Herman Wright; Sgt. Keith Moore, Cpl. ) | |
| Otis Daniels, Cpl. Vincent Manley, Cpl. ) | |
| Ray, Ofc. McNeal, Christian Maganelli, C. ) | |
| Cook, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's motion for spoliation jury instructions and sanctions. (Dkt. No. 311). For the reasons below, the Court DENIES the motion.

**Background**

On August 23, 2010, Plaintiff refused an order to leave his cell at the Broad River Correctional Institution ("BCRI"). In an unsuccessful attempt to gain compliance, a corrections officer sprayed chemical munitions into the cell. Plaintiff barricaded himself in the cell with his mattress, and an extraction team assembled to forcibly remove him from the cell. When the extraction team entered the cell, Plaintiff threw at least fifteen bottles of feces and urine at the team members.

Pursuant to South Carolina Department of Corrections policy, Johnny Mathis Ray, who was a member of the extraction team, carried a video camera to document the forced extraction. (Dkt. No. 318-4). Plaintiff requested the video of this incident through the inmate grievance

1

process. (Dkt. No. 1-3 at 14). The warden denied his request because "the standard video recording did not take place[] as a result of technological failure." (Dkt. No. 1-3 at 19).

Plaintiff subsequently appealed the decision, alleging that "BRCI destroyed the video of the brutal assault [e]nacted upon [him] on 8-23-10 and failed to preserve evidence of criminal activity." (Dkt. No. 1-3 at 20). The warden denied this appeal. Plaintiff filed a *pro se* complaint involving, *inter alia*, the August 23, 2010 incident. (Dkt. No. 1). And the Court subsequently appointed counsel. (Dkt. No. 201).

During discovery, Plaintiff's counsel requested any video relating to this incident. Defendants' counsel initially responded that neither he nor his client were in possession of such a video. (Dkt. No. 311 at 9). In a follow-up response, Defendants' counsel wrote to clarify a few things. First, he stated that the video recorder was damaged by the feces thrown by the Plaintiff during the extraction. Second, the investigator who received the two CD-type discs from the camera was unable to retrieve any footage and turned the discs over to the South Carolina Law Enforcement Division ("SLED") to see if they could retrieve any footage. Third, Defendant's counsel expressed the belief that SLED still possessed the discs and that they would produce them immediately if they located them. (Dkt. No. 311 at 10).

Defendants' counsel located the two discs after a physical search of the now-retired former investigator's personal case file notes on June 9, 2015. On June 10, 2015, Defendants' counsel notified Plaintiff that the original discs had been located. (Dkt. No. 318-7). Plaintiff's counsel examined the discs on June 16 and 23, 2015, and Defendants' counsel provided Plaintiff's counsel with a screenshot of Microsoft Window's File Properties General analysis for the two discs. (Dkt. No. 318-8). The analysis showed that one of the unlabeled discs had 0 bytes of used space and the other had 5.59 megabytes of used space. The second disc also bore the

2

date of "8.23.2010." (Dkt. No. 318-8). However, neither disc contained viewable footage of Plaintiff's forced cell extraction.

Plaintiff now moves for spoliation sanctions and an adverse jury instruction regarding the destruction of evidence.

## Discussion

As a threshold matter, the Court must first determine whether the underlying facts constitute spoliation. "Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). This disjunctive definition requires, at a minimum, either the destruction of evidence or the failure to preserve evidence. The Court finds that neither occurred here.

To destroy evidence—or fail to preserve evidence—it must first exist. Aside from conclusory assertions that the "Defendants in this case likely destroyed the video evidence in an attempt to conceal direct evidence of their brutal mistreatment of Plaintiff," Plaintiff has not provided anything to support its assertion that video evidence of the incident ever existed. (Dkt. No. 311 at 6). To the contrary, the evidence before the Court suggests that there was no video evidence to destroy.

When Plaintiff first sought the footage through the inmate grievance procedure, he was notified that no recording took place due to a technical malfunction. Neither the initial investigator nor SLED was unable to retrieve any footage from the discs. And when Defendants located the discs that were intended to record the incident, neither Plaintiff nor Defendant were able to play any footage.

3

Plaintiff points to Ray's deposition as evidence that a recording took place. (*See* Dkt. No. 311 at 3). But there is no smoking gun in this deposition. Ray essentially states that he turned on the camera, he hit the record button, and it looked like the camera was recording. (Dkt. No. 318-3). He later averred that he is not an expert and assumed that the video camera he operated "was functioning correctly because the recording symbol displayed on the camera during the recording attempt." (Dkt. No. 318-3). Ray turned both discs over to the investigator after the incident, and was not aware of any problem with the recording until this lawsuit. (Dkt. No. 318-3). Finally, the disc that contains approximately 5 megabytes of data bears a date of August 23, 2010, which is the same date as the forced extraction.

After weighing the Defendants' proffered evidence against Plaintiff's unsubstantiated assertion of spoliation, the Court finds that no video evidence ever existed. Because no video evidence ever existed, spoliation sanctions and an adverse jury instruction would be improper.

### Conclusion

For the above-mentioned reasons, the Court **DENIES** Plaintiff's motion for sanctions. (Dkt. No. 311).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 21, 2016
Charleston, South Carolina

4