IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann, ) | |
| ) | Civil Action No.: 0:11-cv-2232-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Lt. C. Failey, Maj. Sheronda Sutton, ) | |
| Otis Daniels, Officer Christian Manganelli, ) | |
| Cpl Cincent Manley, Officer McNeal, ) | |
| Sgt Keith Moore, Cpl. Johnny Ray, ) | |
| Lt. Willie Simmons, Captain Wilson, ) | |
| Sgt. Herman Wright, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Defendants' motion to exclude the testimony of Plaintiff's expert, Mr. John A. O'Leary. (Dkt. Nos. 248, 281). Plaintiff opposes the motion and argues that Mr. O'Leary's expert testimony should not be excluded. (Dkt. No. 271). The Court heard oral argument on the motion on January 21, 2016, and granted Defendants' motion at the end of argument. The Court now enters this order to more fully document the Court's decision and reasoning.

By way of background, this action involves allegations by Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), that Defendants, correctional officers employed by the SCDC, violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution in a series of incidents in June, July and August 2010. These claims involve the alleged use of excessive force and the refusal to allow Plaintiff to decontaminate after the use of chemical munitions.

Mr. O'Leary served in a variety of positions and on boards relating to law enforcement training, mostly in the 1970s and 1980s. He has been in private practice since 1988 and has

1

represented numerous plaintiffs in excessive force cases. Although his expertise has not focused primarily on prisons and detention centers, he has some background in training law enforcement officers who worked in a prison setting.

A District Court has an important gatekeeper role in the review of potential testimony of expert witnesses. Under Rule 702 of the Federal Rules of Evidence and relevant case law, the Court is obligated to determine that the proposed expert testimony "is not only relevant but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). This includes a showing that the proposed expert testimony "is the product of reliable principals and methods" and "the expert has reliably applied the principals and methods to the facts of the case." F.R.E. 702(c), (d). This "connotes more than subjective belief," and the expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 590-91. Since an expert witness is "permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation," it is important for the Court to be satisfied that "the expert's opinion will have a reliable basis in the knowledge and experience of his discipline." *Id.* at 592. While the Court should demonstrate some flexibility in making this review, the bottom line is that the testimony must be valid and reliable." *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 158 (1999).

Plaintiff submitted an expert report setting forth the substance of Mr. O"Leary's expert opinions, which ran some 26 pages in length. The report does not describe any principles or methods but is little more than a running commentary on the factual record, which includes legal conclusions, numerous commentaries on the deficiencies of SCDC (which is not a party to this action), and personal observations about the motivations and intent of the Defendants that are little more than subjective conclusions. A few of these "opinions" are offered as examples:

2

(1) Mr. O'Leary commented on Plaintiff's mental health treatment, an area in which he has no documented expertise, and observed how this deficient treatment is consistent with findings in other, unrelated litigation (Dkt. No. 248-2 at 6);

(2) Mr. O'Leary commented on the alleged action of one of the Defendants in taking Plaintiff's legal documents (another matter not part of Plaintiff's claim) and states that this was done "maliciously and deliberately" to injure Plaintiff (*Id.* at 8); and

(3) Mr. O'Leary offered the opinion that the actions of one of the defendants were done solely to "injure, humiliate and demoralize" Plaintiff and to "exploit" him, and this allegedly reflected the fact that SCDC (again, not a party to the lawsuit) "has little or no standards in selecting, assigning or promoting administrative staff." (*Id.* at 10). Supervision and training are not included in Plaintiff's legal claims in this case.

The O'Leary Report struck the Court to be more akin to a closing argument with a continuous running commentary on the motivations, cruelty and general bad character of the Defendants. The Court was unable to discern the application of any reliable principles or methods, much less the application of those methods and principles in a reliable way to the facts of the case. Such expert testimony would not assist the triers of fact in carrying out their duties. Some points made by Mr. O'Leary (at least the ones relevant to this case) might be made by Plaintiff's counsel in commenting upon the evidence in closing argument, but this Court will not allow such argumentative and subjective observations to be presented from the witness stand as expert testimony. Finding that the proposed testimony is not based on reliable principles and methods or applied to the facts in a reliable way, the Court **GRANTS** the Defendants' motion to exclude the proposed expert testimony of Mr. O'Leary (Dkt. No. 248).

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

February 3, 2016
Charleston, South Carolina

4